Filed 5/12/26  Wildwood Builders v. Lee CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| WILDWOOD BUILDERS, INC,<br><br>    Plaintiff, Cross-defendant and Respondent,<br><br>v.<br><br>SHIUH-KAI LEE, as Trustee, etc.,<br><br>    Defendant, Cross-complainant and Appellant. | A175009<br><br>(Alameda County<br>Super. Ct. No. RG21097358) |

After a bench trial, the trial court concluded that Shiuh-Kai Lee, in his capacity as trustee of the Lee-Wei Family Trust, breached his contract with Wildwood Builders, Inc. (Wildwood) by refusing to pay a portion of its fees after completion of repairs to his apartment building. He appeals, advancing various theories of error. Finding none persuasive, we affirm.

## BACKGROUND

In April 2021, Wildwood sued Lee alleging breach of contract after he refused to pay sums due under their agreement. In June, he countersued and alleged Wildwood breached by failing to fully perform. In his cross-complaint, he alleged that Wildwood was, at "[a]ll relevant times," a "licensed contractor."

1

In February 2020, Wildwood and Lee entered into an agreement under which Wildwood would repair balconies at Lee's apartment complex in exchange for approximately $175,000.  The agreement incorporated "Plans by SDS Structural Engineering," "phase II," "[s]heet" "S10.0."  "Sheet S10.0 include[d] a plan sheet," with "an arrow pointing to the bottom of a deck section" and a note "that reads '(N) 5/8" Dens Glass Type-X Sheet Rock' " with " 'Synthetic Finish Over Lay.' "  (Some capitalization omitted.)  The agreement also explicitly excluded "labor or materials" for work including "stucco," "deck coating," "paint," or any "material except shop primed steel beams."  (Italics omitted.)

The agreement provided that "final contract payment is due and payable upon 'Substantial Completion' (not Final Completion) of all work under contract."  It defined substantial completion "as being the point at which the building/work of improvement is suitable for its intended use, or the issuance of an occupancy consent, or final building department approval from the city or county building department, whichever occurs first; for work included in this contract" (capitalization omitted).  In November 2020, the city building inspector gave its "final ok pending completion of stucco."  Wildwood did not apply a finish to the underside of the balconies, and Lee withheld payment.

In 2024, the trial court held a six-day trial.  Lee argued that the plans incorporated into the agreement required Wildwood to install a synthetic finish rather than stucco, and parol evidence was not necessary to interpret the contract.  Wildwood, for its part, argued that the agreement's exclusion clause included the synthetic finish because that is what contractors "typically consider 'stucco.' "  At trial, the court heard parol evidence concerning the meaning of stucco.

2

After the trial, the trial court concluded Wildwood fulfilled its obligations, and Lee breached the agreement. It found that, "[d]espite the dispute over the application of the synthetic finish," Wildwood had substantially completed the project. It also found stucco is an "external coating system" including "a finish, plaster layer, a layer of self-furring lath, and layers of water-resistant barriers." And it concluded that stucco, as used in the exclusion clause, referred to "the finish of the building" — not just a stucco assembly — because the clause also excluded labor and materials for deck coating, paint, and all material except shop-primed steel beams. Thus, it concluded the agreement did not require Wildwood to apply the synthetic finish. Finally, it concluded that the incorporated plan's reference to the finish did not outweigh the exclusion clause since the plan was "appended to the [c]ontract" and only referenced it in "a tiny mention."

## DISCUSSION

Lee first argues the trial court erred by concluding Wildwood substantially completed its obligations under the agreement. He fails to persuade.

When interpreting a contract, we give effect to the mutual intention of the parties at the time they formed the contract. (*DVD Copy Control Assn., Inc. v. Kaleidescape, Inc.* (2009) 176 Cal.App.4th 697, 712.) That intent is discerned from the contract language if it is clear, explicit, and does not involve an absurdity. (*Ibid.*)

Wildwood substantially completed its obligations under the agreement. (*DVD Copy Control Assn., Inc. v. Kaleidescape, Inc.*, *supra*, 176 Cal.App.4th at p. 712.) The agreement provides that "final contract payment is due and payable upon 'substantial completion' (not final completion) of all work under contract" (capitalizations omitted). It defines substantial completion as

3

"final building department approval from the city or county building department . . . for work included in this contract" (capitalization omitted). The city building inspector gave its "final okay pending completion of stucco" in November 2020, and the agreement expressly excluded stucco work. Thus, Wildwood substantially completed all of the obligations the contract required it to perform. (*Ibid.*)

Lee next argues the trial court erred by considering Wildwood's parol evidence. Assuming error, he fails to show prejudice. (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006 [appellant must demonstrate error and prejudice].) The court reasoned that since the exclusion clause excluded labor and materials for finishing work, the parties intended to exclude the finish. Thus, it relied on the language of the exclusion clause — not parol evidence — to reach its conclusion. (*Ibid.* [judgment is presumed correct, and intendments and presumptions are indulged in its favor].)

Lee also contends the trial court erred because it did not find that Wildwood was a licensed contractor, thus barring it from relief under Business and Professions Code section 7031. We disagree. In his cross-complaint, Lee alleged that Wildwood was at "all relevant times" a "licensed contractor." That admission is sufficient to satisfy section 7031. (*Womack v. Lovell* (2015) 237 Cal.App.4th 772, 774–776.)

Lee's remaining arguments fare no better. He contends the trial court erred by failing to construe ambiguities against Wildwood since — in his view — it was the drafter of the agreement. But the agreement clearly states "no party" is the "drafter." (Capitalization omitted.) (*DVD Copy Control Assn., Inc. v. Kaleidescape, Inc.*, *supra*, 176 Cal.App.4th at p. 712.) He also argues the court erred by "ignoring the 'specific over general' canon" and by failing to construe ambiguities against the contractor. (Italics omitted.) But

4

from our review of the record, he did not make these arguments below and thereby forfeited them. (*DiCola v. White Brothers Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 676.)

## DISPOSITION

The judgment is affirmed. Wildwood shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A175009; *Wildwood Builders, Inc. v. Shiuh-Kai Lee*

6